IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; AND ARTHUR H. BUNTE, JR., </br></br> Plaintiffs, </br></br> v. </br></br> CLIMAX PACKAGING, INC., a Missouri Corporation, </br></br> Defendant. | Case No. 13-cv-6853 </br></br> Judge </br></br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Fund") and Arthur H. Bunte, Jr., one of the Fund's present trustees, allege as follows:

### JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and is a suit to recover employer contributions owed to the Fund by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund is an "employee benefit plan" as that term is defined in ERISA and are administered at their principal place of business in Rosemont, Illinois.

Venue is also proper in this Court pursuant to the forum selection clause contained in the Fund's Trust Agreement, which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Fund is an employee benefit plan and trust, with its principal office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the IBT on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Fund and their participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Climax Packaging, Inc., ("Climax") is a corporation organized under the laws of the State of Missouri. Climax is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.  Local Union No. 955 ("Local 955") of the IBT is a labor organization that represents, for the purpose of collective bargaining, certain employees of Climax and employees of other employers in industries affecting interstate commerce.

9.  During all relevant times, Climax and Local 955 have been parties to a collective bargaining agreement pursuant to which Climax has been required to make contributions to the Fund on behalf of certain of its covered employees.

10. Climax and Local 955 are also parties to a Participation Agreement, which requires Climax to pay contributions to the Fund.

11. Paragraph 7 of the Participation Agreement provides:

> The Employer agrees to remit contributions on behalf of each Covered Employee for any period he/she receives, or is entitled to receive, compensation (regardless of whether the employment relationship is terminated), including show up time pay, overtime pay, holiday pay, disability or illness pay, layoff/severance pay, vacation pay or the payment of wages which are the result of any National Labor Relations Board proceeding, grievance/arbitration proceeding or other legal proceeding or settlement.

12. Climax also agreed to be bound by the terms of the Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

13. Under the Trust Agreement, Climax was required to "remit continuing and prompt contributions to the Fund as required by the applicable collective bargaining agreement ..."

14. The Trust Agreement also provides in pertinent part:

>Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as are permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5% (whichever is greater). Any judgment against an Employer for contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5%(whichever is greater), and such interest shall be compounded annually.

15. The Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Fund bills the employers for contributions.

## STATUTORY AUTHORITY

16. Section 515 of ERISA , 29 U.S.C. § 1145, provides:

    Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

    (A)  the unpaid contributions,

    (B)  interest on the unpaid contributions,

    (C)  an amount equal to the greater of--

        (i)  interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)  such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## COUNT I

**CONTRIBUTIONS OWED IN CONNECTION WITH EMPLOYEE WORK HISTORY**

18. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. During the period of April 28, 2013 through June 8, 2013, Climax reported the work history of its covered employees to the Fund.

20. Based upon the employee work history reported to the Fund by Climax during the period of April 28, 2013 through June 8, 2013, Climax has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Fund.

21. Despite demands that Climax perform its statutory and contractual obligations with respect to making contributions to the Fund, Climax has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 20.

22. Climax owes the Fund $40,898.20 for unpaid contributions (not including interest) in connection with work history reported for the period of April 28, 2013 through June 8, 2013, as a result of the conduct set forth in paragraph 20.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Fund based upon the employee work history reported by Defendant;

## COUNT I

**CONTRIBUTIONS OWED IN CONNECTION WITH EMPLOYEE WORK HISTORY**

18. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. During the period of April 28, 2013 through June 8, 2013, Climax reported the work history of its covered employees to the Fund.

20. Based upon the employee work history reported to the Fund by Climax during the period of April 28, 2013 through June 8, 2013, Climax has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Fund.

21. Despite demands that Climax perform its statutory and contractual obligations with respect to making contributions to the Fund, Climax has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 20.

22. Climax owes the Fund $40,898.20 for unpaid contributions (not including interest) in connection with work history reported for the period of April 28, 2013 through June 8, 2013, as a result of the conduct set forth in paragraph 20.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Fund based upon the employee work history reported by Defendant;

   (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

   (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

   (iv) attorney's fees and costs.

 (b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

 (c) Such further or different relief as this Court may deem proper and just.

## COUNT II

## CONTRIBUTIONS OWED IN CONNECTION WITH VACATION AND SEVERANCE PAY

 23. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

 24. On or about June 3, 2013, Climax sent the Fund a letter indicating that it was closing its facility and that its contractual obligations with Local 955 would be terminated as of June 7, 2013.

25. In accordance with the closure of its facility, Climax agreed to pay its covered employees severance pay, as well as unused vacation pay.

26. Climax has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay contributions (and interest due thereon) owed to the Fund in connection with the vacation pay and severance pay earned by its employees.

27. Despite demands that Climax perform its statutory and contractual obligations with respect to making contributions to the Fund, Climax has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 26.

28. Climax owes the Fund $30,862.10 for unpaid contributions (not including interest) in connection with vacation pay and severance pay, as a result of conduct set forth in paragraph 26.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

> (i) the unpaid contributions owed to the Fund based upon the severance pay and vacation pay that Defendant agreed to pay its employees;
>
> (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank,

- 9 -

    NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

(iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

(iv) attorney's fees and costs.

    Respectfully submitted,

    */s/ Emily E. Gleason*
    Emily E. Gleason (ARDC No. 6298395)
    Attorney for Plaintiffs
    CENTRAL STATES FUNDS LAW DEPT.
    9377 W. Higgins Road
    Rosemont, Illinois 60018
    Telephone: (847) 518-9800, Ext. 2343
    E-mail: egleason@centralstatesfunds.org